UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEONARD WOOD,<br><br>            Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | Civil Nos. 05-CV-2204–L<br>           05-CV-2206–L<br>Criminal Nos.  02-CR-0624-L<br>                  02-CR-0625-L<br><br>**ORDER DISMISSING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

On December 2, 2005, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. The Court issued an order requiring a response to the Motion. Respondent filed a response and opposition, and Petitioner replied. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below, will dismiss Petitioner's motion.

**BACKGROUND**

In two separate indictments, Petitioner Robert Leonard Wood was charged with three counts of violent crimes in aid of racketeering ("VCAR"), to wit: conspiracy to commit murder in violation of 18 U.S.C. § 1959(a)(5) (Case No. 02-CR-0624-L), and one count of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Case No.

02-CR-0625-L). On February 28, 2003, Petitioner entered a plea agreement and pled guilty to Count One of the indictment in Case No. 02-CR-0624-L and Count One of the indictment in Case No. 02-CR-0625-L. (Resp.'s Ex. 2, Plea Agreement; Resp.'s Ex. 3, Tr. of Disposition Hr'g. at 23.)  On July 10, 2003, Petitioner was sentenced by this Court to concurrent sentences of 120 months, three years supervised release, a $1000 fine, and a special assessment of $100 in Case No. 02-CR-0624-L ("the VCAR case"), and 300 months, five years supervised release and a special assessment of $100 in Case No. 02-CR-0625-L ("the drug case"). (Resp.'s Ex. 4, Tr. of Sentencing Hr'g. at 57-58; Amended Judgments docs.#104 and #300.[1])

On July 29, 2003, Petitioner filed a Notice of Appeal. [Notice, doc.# 94] The Ninth Circuit dismissed Petitioner's appeal upon the determination that he knowingly and voluntarily entered a plea waiver, waiving his right to appeal. (Resp.'s Ex. 9, Memorandum.)

**DISCUSSION**

As part of his plea agreement, Petitioner waived the right to appeal and to collaterally attack the judgment and sentence under 28 U.S.C. § 2255 unless the Court imposed a sentence in excess of the high end of the guideline range based on a combined offense level of 38 with a three level adjustment for acceptance of responsibility in the drug case. (Resp.'s Ex. 3, Tr. of Disposition Hr'g. at 20, Resp.'s Ex. 2, Plea Agreement at 12, 14.) A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence under § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

The scope of a § 2255 waiver, however, may be subject to potential limitations. For example, a waiver might be ineffective where the sentence imposed is not in accordance with the negotiated agreement, or if the sentence imposed violates the law. *Id.*; *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1996). Additionally, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Rule 11 of the Federal Rules of

---

[1]The Judgments were amended for clerical error.

Criminal Procedure to ensure that the waiver was knowingly and voluntarily made. *Navarro-Botello*, 912 F.2d at 321. Finally, a waiver may not "categorically foreclose" defendants from bringing § 2255 proceedings involving ineffective assistance of counsel or involuntariness of waiver. *Pruitt*, 32 F.3d at 433; *Abarca*, 985 F.2d 1012, 1014. Unless Petitioner can demonstrate that one of these limitations to the validity of the waiver are applicable, this Court lacks jurisdiction to consider his collateral challenge to his conviction and sentence. *See Washington v. Lampert*, 422 F.3d. 864, 871 (9th Cir. 2005) (recognizing that if sentencing agreement's waiver of the right to file a federal habeas petition under 28 U.S.C. § 2254 was valid, district court lacked jurisdiction to hear the case).

The government contends that Petitioner knowingly and voluntarily waived his right to appeal and collateral attack. (Opp. at 15.) The Court agrees, and finds none of the potential limitations to the validity of the waiver applicable in this case.

The sentence imposed was in accordance with the negotiated agreement and applicable sentencing guidelines. Petitioner's concurrent sentences of 120 months in the VCAR case, and 300 months in the drug case are based on a combined adjusted base offense level of 38 minus 3 for accepting responsibility, as agreed upon by the parties. (Resp.'s Ex. 2, Plea Agreement at 13; Resp.'s Ex. 4, Tr. of Sentencing Hr'g. at 56.) In the plea agreement, Petitioner acknowledged a criminal history category of VI and the parties agreed to jointly recommend a sentence within the guideline range of 292 to 365 months. (Resp.'s Ex. 2, Plea Agreement at 13.) The Court sentenced Petitioner according to the negotiated terms of the plea agreement.

**Voluntariness of Petitioner's plea and waiver**

The transcript of the disposition hearing demonstrates that the requirements of Rule 11 were satisfied and that, despite Petitioner's contention otherwise, he entered the plea agreement knowingly and voluntarily. The court determines voluntariness by looking at the totality of the circumstances surrounding the signing and entry of the plea agreement. *Kaczynski*, 239 F.3d at 1114. In assessing the voluntariness of the plea, the court must accord great weight to statements made by the defendant contemporaneously with his plea. *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986). The representations of the defendant, his lawyer, and the prosecutor,

as well as the judge's findings in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74; *see also Kaczynski*, 239 F.3d at 1115 ("We give 'substantial weight' to [petitioner's] in-court statements.") (quoting *United States v. Mims*, 928 F.2d 310, 313 (9th Cir. 1991)).

During the disposition hearing, the Court confirmed that Petitioner read and understood the terms of the agreement, and that he understood the charges, maximum penalties, and the elements the government would have to prove if Petitioner went to trial. (Resp.'s Ex. 3, Tr. of Disposition Hr'g. at 11-19.) The Court also explained that if the Court were to follow the agreement, Petitioner would waive his right to appeal and collaterally attack the sentence. (*Id.* at 19-20.) As evidenced by the following exchange, Petitioner indicated he entered the agreement voluntarily, free from coercion, duress, or promises extraneous to the Plea Agreement:

THE COURT: Are you entering this plea of guilty of your own free will?

DEFENDANT WOOD: Yeah. To avoid life. Definitely.

THE COURT: All right. Your own free will. Has anyone made any threats of force against you or any member of your family that is causing you to enter this plea?

DEFENDANT WOOD: No, sir.

THE COURT: Okay. Has anyone made any promises or offered any rewards in return for this guilty plea, other than the promises in the plea agreement?

DEFENDANT WOOD: No, your honor.

THE COURT: So you are pleading guilty also to – in your case – count 1 of United States Code 1959 (A)(5) and also count 21 – excuse me – 21, United States code 841(A)(1), 846, the drug count? You are pleading to both of those; is that correct?

DEFENDANT WOOD: Yeah. I am pleading to both of them.

THE COURT: Because you are guilty; is that right?

DEFENDANT WOOD: Yes. Because I am guilty.

(*Id.* at 23.)

The Court is not persuaded that ineffective assistance of counsel, conflict of interest or prosecutorial misconduct rendered Petitioner's guilty plea or his waiver involuntary. "[A] plea of guilty entered by one fully aware of the direct consequences . . . must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001) (quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)) (alteration in *Kaczynski*). "It goes without saying that a plea must be voluntary to be constitutional." *Id*. A plea is considered voluntary when it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id*. (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). A guilty plea is void when it is "induced by promises or threats which deprive it of the character of a voluntary act." *Id*. (internal quotations omitted).

"A claim of ineffective assistance [of counsel] may be used to attack the voluntariness and hence the validity of a guilty plea." *United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990); *see Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005). The limitation against waivers is applicable to claims "based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *Pruitt*, 32 F.3d at 433. In the context of guilty pleas, to satisfy the "prejudice" requirement "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Defense counsel's conduct is presumed to be reasonable. *Strickland*, 466 U.S. at 689.

**Petitioner's Ineffective Assistance of Counsel Claims**

Petitioner bases his contention that his attorney's performance was deficient on the following grounds: (1) he coerced Petitioner to enter the plea agreement despite Petitioner's

1  disagreement with facts stipulated in the agreement; (2) he failed to address prosecutorial
2  misconduct; (3) he frightened Petitioner out of attempting to fire him and withdraw the plea on
3  the basis of ineffective counsel; (4) he failed to challenge the grand jury indictment and
4  jurisdiction, and made minimal motions; and (5) there was a conflict of interest between
5  Petitioner and defense counsel.

6  (1) The Court finds no merit in Petitioner's contention that Mr. Still coerced him into
7  pleading guilty. Although Petitioner claims that Mr. Still advised him that he would receive a
8  life sentence if he did not enter the plea agreement, the record indicates Petitioner was informed
9  that the sentencing range for the drug offense was 10 years to life and the maximum penalty for
10 the VCAR offense was 10 years. (Resp.'s Ex. 3, Tr. of Disposition Hr'g. at 13-14.) This
11 demonstrates that Petitioner was aware of the applicable statutory sentencing ranges when he
12 pled guilty and was not operating under the false assumption that he would be subject to a
13 guaranteed life sentence in the absence of any plea agreement.

14 Furthermore, it was entirely appropriate for defense counsel to advise Petitioner he risked
15 receiving a life sentence without the plea agreement. Under the Sentencing Guidelines,
16 Petitioner's combined base offense level was 38. Petitioner is a career offender and, without an
17 adjustment for acceptance of responsibility, his sentencing range under the Guidelines was 360
18 months to life. The plea agreement prevented the possibility of a life sentence under the
19 Guidelines by affording an acceptance of responsibility reduction and precluding the
20 Government from arguing in support of an aggravating role. Petitioner received the benefit of
21 this bargain, and makes absolutely no showing that he would have been in any better position
22 had he not entered the plea agreement and proceeded to trial. Thus, Petitioner has failed to
23 demonstrate he was prejudiced as a result of his counsel's allegedly erroneous advice.

24 As set forth above, the transcript of the disposition hearing establishes Petitioner entered
25 the plea agreement voluntarily in the absence of any threats or promises. Combined with

Petitioner's unchallenged admissions to the elements of the crimes and their factual bases[2], the Court finds the record sufficient to establish that Petitioner is not entitled to relief on the grounds that his plea agreement was invalid as a result of coercion or ineffective assistance of counsel.

(2) Petitioner's claim that counsel was ineffective for failing to object to the prosecutor's remarks during sentencing, which Petitioner perceived as argument for an upward role adjustment in breach of the plea agreement, fails also. Because this claim concerns sentencing and does not challenge the validity of Petitioner's guilty plea or waiver of the right to collaterally attack his conviction and sentence, this claim is barred and the Court does not have jurisdiction over it. *See United States v. Racich*, 35 F. Supp. 2d 1206, 1218 (S.D. Cal. 1999) (holding that a plea agreement's waiver provision bars claims of ineffective assistance of counsel that do not implicate the validity of the waiver itself). Furthermore, even if Petitioner's claim was not barred by waiver, Petitioner has failed to show his counsel's performance was deficient in this regard and that this deficient performance prejudiced the defendant, as required under *Strickland*, 466 U.S. at 687.

It is true that "[t]he harmless error rule does not apply to the law of contractual plea agreements." *United States v. Myers*, 32 F.3d 411, 413 (9th Cir. 1994); *United States v. Mondragon*, 228 F.3d 978, 981 (9th Cir. 2000). The government must "strictly comply with its obligations under a plea agreement." *Mondragon*, 228 F.3d at 981. If the prosecutor was making statements that breached the agreement, counsel would have erred by failing to object. However, the record does not support this claim.

Under the plea agreement, the government agreed not to argue for an upward role adjustment. (Resp.'s Ex. 2, Plea Agreement at 13.) In pertinent part, the plea agreement

---

[2] Petitioner contends the factual basis set forth in the plea agreement was inaccurate because he "never dealt with most of the people alleged in the plea agreement." (Motion at 9). However, Petitioner does not dispute his admissions regarding his own participation in the conspiracy to commit murder that formed the basis of the VCAR offense, nor does he dispute his admissions regarding his own participation in the conspiracy to distribute 5 kilograms and more of cocaine and more than 50 grams of cocaine base. Therefore, Petitioner would be legally responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy, even if Petitioner did not personally deal with them. *See e.g. Pinkerton v. United States*, 328 U.S. 640 (1946).

provides:

> C. NO OTHER ADJUSTMENTS RECOMMENDED
>
> The parties agree not to recommend any upward or downward adjustments other than those listed above.
>
> G. RECOMMENDATION REGARDING CUSTODY
>
> The Government and the defendant will recommend that defendant be sentenced within a guideline range of 292 to 365 months. (Adjusted Base Offense Level 35 and Criminal History Category VI.) There is no agreement as to the specific recommendation within this guideline range.

*Id.* The government was free to ask the court for any sentence within the agreed upon guideline range.

The transcript of the sentencing hearing confirms that the Assistant U.S. Attorney ("AUSA") did not breach the plea agreement. Petitioner's counsel discussed his objections to the probation officer's recommendation for upward role adjustment in the presentence report, and the officer's response to those objections. (Resp.'s Ex. 4, Tr. of Sentencing Hr'g. at 4.) The AUSA responded to defense counsel's remarks, and in the midst of her response, five times she told the court that the Government was not seeking an upward role adjustment. (*Id.* at 5-6.) She ended her response with yet another affirmation of this position, stating that "the probation officer's analysis is correct, but I urge Your Honor, pursuant to the Plea Agreement, not to make an upward adjustment for role in the offense given the terms of the Plea Agreement in this case." (*Id.* at 7.) Despite the probation officer's recommendation of a 360 month sentence, the AUSA reiterated that the government was not seeking any upward adjustments and recommended the court start at the low end of the range of 292 - 365 months and add eight months. (*Id.* at 18.)

The discussion regarding an upward role adjustment arose from the presentence report. Defense counsel was not incompetent in addressing this issue. Mr. Still effectively countered the presentence report's conclusion that Petitioner was in a leadership role in the objections he submitted to the court and during the sentencing hearing. (Resp.'s Ex. 5, Objections to Presentence Report at 2; Resp.'s Ex. 4, Tr. of Sentencing Hr'g. at 2-5.) The Court acknowledged that "a case can be made for the role of adjustment upward, however, the defense has made a cogent argument why it shouldn't be." (Resp.'s Ex. 4, Tr. of Sentencing Hr'g. at 7.)

Consequently, the Court cannot find Mr. Still's performance was deficient as Petitioner claims. Furthermore, Petitioner did not receive an upward role adjustment, and therefore cannot show "that there is a reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Petitioner also claims his counsel was ineffective for failing to address two other incidents that occurred while he was housed at MCC, which Petitioner believes amounted to prosecutorial misconduct.  According to Petitioner, the AUSA prosecuting his case had him transferred to the solitary housing unit in response to his refusal to meet with her.  (Motion at 8-9.)  Petitioner additionally complains that on another occasion, the AUSA "looked at me intimidatingly and then said hello." (Motion at 8.)

The Court finds the contention that Petitioner was intimidated by the AUSA wholly incredible in the face of the record. *Blackledge*, 431 U.S. at 74 (1977).  Petitioner's "[s]olemn declarations in open court carry a strong presumption of verity." *Id*.  Petitioner's statements under oath at the disposition hearing contradict his contention of intimidation as he acknowledged that he entered his guilty plea of his own free will in the absence of any threats or extraneous promises.  The Court is not persuaded, therefore, that counsel's inaction in response to Petitioner's allegations of prosecutorial intimidation was unreasonable.  Moreover, Petitioner fails to demonstrate that this alleged error affected his determination to plead guilty rather than go to trial.

(3) Petitioner also claims his counsel was ineffective because he "effectively frightened" him from having him removed as his counsel after the plea was taken.  (Motion at 9.)  This claim is barred because it does not challenge the validity of Petitioner's guilty plea or waiver.  *See Racich*, 35 F. Supp. 2d at 1218.  Moreover, the Court finds no merit in this claim.  Mr. Still discussed withdrawal of the guilty plea with Petitioner, advised him of his options regarding an ineffective assistance of counsel claim, and according to Petitioner, even showed him the relevant case law.  (Motion at 9, 12; Still Decl. ¶ 7.)  Petitioner fails to demonstrate how Mr. Still was ineffective in this regard, or how Petitioner was prejudiced as a result.

(4) Petitioner additionally claims his counsel was ineffective because he failed to

challenge the grand jury indictment and jurisdiction, and made minimal motions.  Again, Petitioner fails to meet the two prong required showing under *Strickland*.

Reasonable competence does not include filing weak or frivolous motions.  *United States v. Baker*, 256 F.3d 855 (9th Cir. 2001).  Petitioner has failed to demonstrate how additional challenges and motions would have affected his decision to plead guilty.  Nor has Petitioner provided any specific facts from which the court may conclude counsel was deficient.  Moreover, the record as a whole supports a contrary conclusion.  Specifically, Petitioner told the Court he was "[q]uite satisfied" with the services of his counsel, and that he was pleading guilty to both counts of his own free will, "[b]ecause I am guilty." (Resp.'s Ex. 3, Tr. of Disposition Hr'g. at 23.)

Petitioner's reliance on *U.S. v. McCoy*, 215 F.3d 102 (D.C. Cir. 2000), is misplaced.  There, the Court declared, "[a] plea based upon advice of counsel that "falls below the level of reasonable competence such that the defendant does not receive effective assistance" is neither voluntary nor intelligent."  *Id.* at 107 (quoting *United States v. Loughery*, 908 F.2d 1014, 1019 (D.C. Cir. 1990)).  However, in *McCoy* the defendant's claim his counsel's advice fell below the standard of reasonable competence pointed to a specific recognizable error.  McCoy's counsel failed to accurately "apply the career offender provisions of the Guidelines when determining the sentencing range McCoy would face if he accepted the Government's plea agreement."  *Id.* at 108.  In the instant case, Petitioner fails to show any identifiable errors by counsel that undermine the voluntary or intelligent nature of his plea.

(5) Finally, Petitioner claims he did not receive effective assistance of counsel due to an undisclosed conflict of interest.  Petitioner's counsel, Mr. Still, disclosed to Petitioner that he was a prosecutor for twelve years prior to representing Petitioner. (Motion at 11.)  However, Mr. Still did not inform Petitioner that he was seeking re-employment with the San Diego District Attorney's Office while representing Petitioner.  The Court is not convinced there was an actual conflict of interest.  Furthermore, Petitioner fails to demonstrate how this alleged conflict of interest adversely affected his attorney's performance.

Conflict-free representation is a component of the Sixth Amendment right to effective

assistance of counsel. *Garcia v. Bunnell*, 33 F.3d 1193, 1195 (9th Cir. 1994) (citing *Wood v. Georgia*, 450 U.S. 261, 271 (1981)). "[P]rejudice is presumed when counsel is burdened by an actual conflict of interest . . .if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Strickland*, 466 U.S. at 692 (citing *Cuyler v. Sullivan*, 446 U.S. 335, 345-350 (1980).). The Ninth Circuit has found *Cuyler* applicable to "conflicts between a defendant's and the attorney's own personal interests," *Garcia*, 33 F.3d at 1198 (9th Cir. 1994), and interpreted that decision as defining "an actual, as opposed to a potential, conflict as one which in fact adversely affects the lawyer's performance." *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Petitioner "must demonstrate that his attorney made a choice between possible alternative courses of action that impermissibly favored an interest in competition with those of the client." *McClure v. Thompson*, 323 F.3d 1233, 1248 (9th Cir. 2003). "Without this factual showing of inconsistent interests, the conflict is merely possible or speculative." *Id.*

Petitioner fails to demonstrate there was an actual conflict of interest. The mere fact that Petitioner's counsel sought and accepted a position to return to work as a prosecutor following Petitioner's sentencing hearing is not sufficient to meet this requirement. *See Garcia*, 33 F.3d at 1196 (stating defense counsel's future employment plans as a prosecutor did not create an actual conflict); *United States v. Unruh*, 855 F.2d 1363, 1379 (9th Cir. 1987) (conflict of interest claim failed where although defense counsel was seeking employment with the U.S. Attorney's Office, "nothing in the record suggest[ed] that counsel allowed anything adversely to affect his representation").

Mr. Still was offered and accepted the position at the San Diego District Attorney's office after Petitioner's plea was entered, but prior to the sentencing hearing. (Resp.'s Ex. 11, Still Decl. ¶ 8.) His employment with the District Attorney's office did not begin until after the sentencing hearing. (*Id.*) Mr. Still has solemnly declared that he was well aware of his ethical obligation to provide Petitioner with his undivided loyalty, and further stated, "[i]t was and is my belief that at all times while representing [Petitioner] I fulfilled my ethical obligations to him." (*Id.*) The record supports the statements in Mr. Still's declaration.

Prior to sentencing, the Petitioner had expressed that he was "quite satisfied" with Mr. Still's representation. (Resp.'s Ex. 3, Tr. of Disposition Hr'g. at 23.) There is no evidence that counsel's performance was adversely affected after this point in the proceedings. The record demonstrates to the contrary. Counsel filed objections to the presentence report, a sentencing memorandum, and sentencing summary charts. (Resp.'s Exhibits 5, 6, 7.) During the sentencing hearing, counsel argued for the low end of the sentencing range agreed upon, and presented extensive mitigating information on behalf of Petitioner. (Resp.'s Ex. 4, Tr. of Sentencing Hr'g. at 8-16.) Indeed, this Court noted that counsel effectively argued against the presentence report recommendation of an upward role adjustment, and "did a very good job in representing [Petitioner] in this case." (Resp.'s Ex. 4, Tr. of Sentencing Hr'g. at 7, 22.)

The Court concludes that Mr. Still provided Petitioner with reasonably competent and effective representation. Petitioner voluntarily entered the plea agreement aware of his options and accepted a sentence in the recommended range "to avoid life." (Resp.'s Ex. 3, Tr. of Disposition Hr'g. at 23.) Petitioner's guilty plea "represents a voluntary and intelligent choice among the alternative courses of action" available to him, and is therefore valid. *Alford*, 400 U.S. at 31.

## CONCLUSION

The Court finds that the files and record of this case conclusively establish that Petitioner has waived his right to collaterally challenge his conviction and sentence in this matter. In addition, even in the absence of a waiver, the Court finds that Petitioner has failed to establish that he received ineffective assistance of counsel. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED**. To the extent that Petitioner's claims are not barred by waiver, his motion is **DENIED**.

**IT IS SO ORDERED.**

DATED: July 24, 2007

M. James Lorenz
United States District Court Judge