UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEONARD WOOD,<br><br>                           Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                           Respondent. | Case No.:  02-CR-0624-2-L<br>               02-CR-0625-2-L<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE [ECF NO. 769]** |

Pending before the Court is Defendant Robert Leonard Wood's Motion for Early Termination of Supervised Release. [ECF No. 769.]  The United States filed a response in Opposition on January 10, 2023 [ECF No. 771] and Defendant filed a Reply January 10, 2023 [ECF No. 772.] The Court DENIES the Motion for the following reasons.

I.    **Background**

Petitioner Robert Leonard Wood was charged on March 7, 2002 in two indictments as follows: in case number 02-CR-0624-L Petitioner was charged with three counts of

1

conspiracy to commit murder in violation of 18 U.S.C. § 1959(a)(5), characterized as violent crimes in aid of racketeering ("VCAR"); and in case number 02-CR-0625-L Petitioner was charged with one count of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Indictment, Case No. 02-CR-0624 [ECF NO. 8]; Indictment, Case No. 02-CR-0625 [ECF NO. 1.])

On February 28, 2003, Petitioner pled guilty to Count One of the indictment in Case No. 02-CR-0624-L and Count One of the indictment in Case No. 02-CR-0625-L and entered a plea agreement. (Plea Agreement Case No. 02-CR-0624 [ECF NO. 53]; Plea Agreement, Case No. 02-CR-0625 [ECF NO 144.])   On July 10, 2003, Petitioner was sentenced by this Court to concurrent sentences of 120 months, three years supervised release, a $1000 fine, and a special assessment of $100 in Case No. 02-CR-0624-L ("the VCAR case"); and 300 months, five years supervised release and a special assessment of $100 in Case No. 02-CR-0625-L ("the drug case").  (Amended Judgment, Case No. 02-CR-0624 [ECF NO. 104]; Amended Judgment, Case No. 02-CR-0625 [ECF NO. 300.])[1]

On June 29, 2018, Defendant's sentence was reduced from 300 months to 262 months pursuant to 18 U.S.C. § 3582(c)(2). [ECF No. 731.] On September 20, 2019, Defendant's sentence was reduced to 235 months followed by five years of supervised release to be served concurrently with case 02-CR-0624-L, pursuant to the First Step Act of 2018. [ECF No. 756.] Defendant's supervised release commenced on September 26, 2019. Defendant now seeks early termination of supervised release. (Motion [ECF No. 769.]) The Government opposes. According to the parties, Defendant's Probation Officer, Michelle Pearson, also opposes the request for early termination but no documents have been filed explaining her opposition.

//

---

[1] The Judgments were amended for clerical error.

II. **Legal Standard**

Early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1) which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

Section 3553(a) in turn requires a court to consider the following when determining an appropriate sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range …
> (5) any pertinent policy statement . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

III. **Discussion**

Defendant seeks early termination of supervised release so he can visit his eighty-year-old father who is in failing health and lives in Newman, Georgia, and so he is free to

accept employment opportunities, including travel to Washington D.C. to speak on behalf of organizations with which he volunteers. (Supp. Brief. at 2). He argues that he has been successful on supervised release as demonstrated by his employment with organizations that seek to prevent gang violence including Dream Corps Justice and the Prison Scholar Fund. (*Id*. at 4-6). In addition, Defendant contends that he is involved with the non-profit organization Dream.Org as a member of the Federal Policy Advisory Council and has advocated on Capitol Hill for the organization. (*Id*. at 7). Defendant notes that he has also completed his dual Bachelor of Science degree in Small Business Management and Marketing from Adams State University, and is enrolled in his Master of Business Administration at Adams State, which indicates that no additional training or treatment is necessary. (*Id*.)

The Government opposes early termination, arguing that Defendant has a violent past, "was intimately associated with a known violent street gang, the West Coast Crips, to which he is now considered to be an 'OG' Original Gangster", and had a history of being involved with drug trafficking. (Oppo. at 1-2). Defendant's probation officer also opposes early termination of supervised release.

Under section 3583(e), the Court first considers the nature and circumstances of Defendant's offenses, which were undisputedly violent crimes and drug offenses. As a result of those crimes, Defendant spent over sixteen years in federal custody before beginning supervised release. In three years of supervised release, Defendant acknowledges that he ingested marijuana and has been noncompliant with testing twice, in September and October 2020. Failure to remain in compliance with the terms of supervised release cautions against a grant of early termination of supervised release. Moreover, Defendant has served only a little over a half of his supervised release term. Defendant's term of supervised release is scheduled to expire in September 26, 2024. In light of the seriousness of his criminal conduct, this factor weighs against early termination.

It is commendable that Defendant has participated in organizations that work to keep youth out of gangs and to avoid violence, particularly in light of his past associations and incarceration. Defendant has the support of Dr. Chelsea Moore, the Policy Manager for DreamCorps Justice, and Sean Wilson, the National Organizing Director for Dream.Org, along with Kandia Milton, Policy Director for Dream.Org. It is similarly heartening that Defendant has achieved educational success, obtaining dual Bachelor of Science degrees in Small Business Management and Marketing and graduating magna cum laude with a 3.85 GPA in 2015. Defendant's participation in Prison Scholars Fund as the Senior Social Media Manager and serving on the Board of Directors indicates he is becoming a productive member of society.

Defendant's work and educational accomplishments indicate that supervised release is achieving its purpose to ensure that he has a smooth transition from incarceration to being a productive member of society. Although he contends that early termination of supervised release is necessary to visit his ailing father, he does not claim that probation has denied him that opportunity, only that he "has been unable to travel to [his father] due to the nature of the approval process while under supervised release." (Supp. Brief. at 2).

Similarly, he does not specify whether probation has denied requests to travel to Washington D.C. to attend speaking engagements and lobby on behalf of the non-profit organizations with which he volunteers, but only that "he has been unable to attend those speaking engagements due to the nature of the approval process while on supervised release." (*Id*.) It is unclear whether Defendant has travelled to Washington D.C. because claims he has "advocated on Capitol Hill" for Dream.Org. and that he has "made a favorable impression on many of the Congressional members he had the opportunity to speak with" however, the Court need not reconcile this seeming contradiction because it is evident from the success he has experienced that Defendant has been able to actively pursue his educational goals and professional development while on supervised release. While the Court recognizes that conditions of supervised release impose restrictions on

travel, Defendant has not shown that he has unsuccessfully sought permission from probation to travel. Accordingly, Defendant has failed to demonstrate that the §3553 factors weigh in favor of granting early termination of supervised release.

IV. **Conclusion and Order**

For the foregoing reasons, Defendant's request for early termination of supervised release is **DENIED**.

**IT IS SO ORDERED.**

Dated:  April 3, 2023

Hon. M. James Lorenz
United States District Judge